*171 OPINION.
Van Fossan:
In the notices of deficiencies respondent increased the petitioners’ income from two principal sources: (1) The arrangement between petitioner George Caldwell and James Monroe Smith, president of Louisiana State University, by reason of which Caldwell was paid 1 (later 2) percent of the cost of all buildings constructed under his supervision; and (2) rebates or “kickbacks” from con-' tractors and materialmen.
Although the respondent charges fraud and has the burden of proof on that issue, petitioners have the burden of proof as to the contested items of income. Henry S. Kerbaugh, 29 B. T. A. 1014; Snell Isle, Inc. v. Commissioner, 90 Fed. (2d) 481; certiorari denied, 304 U. S. 734.
Petitioners’ evidence is almost exclusively directed to the first of these items, i. e., percentage payments by the university. They concede that the “kickback” payments were made, but argue on brief that these payments were reported as gambling gains. They offer no proof whatever to substantiate this claim and it is clearly not self-evident. Except for the percentage payments, the record affords no basis in fact for an argument against the correctness of respondent’s determination of the deficiencies.
Respondent held that petitioner George Caldwell was an employee of the state as to his salary from the, university. The only question is as to the percentage payments.
We can not shut our eyes to facts established by the record and ignore the background of the percentage arrangement. Thus we know of the scandalous and criminal conduct of James Monroe Smith, the president of the university. We know too of Caldwell’s admittedly criminal conduct in regard to his tax accounting, and of his solicitation of rebates and bribe money in connection with the very work here involved. We know that the board of supervisors of the university never authorized the payment of the percentage to petitioner and that the minutes of the board, prepared and kept by James Monroe Smith, president of the university and secretary of the board of supervisors, purporting to authorize the percentage *172 arrangement, were false. The conclusion is obvious. We are convinced that petitioner and Smith entered into a privately conceived arrangement, separate in legal standing and effect from petitioner’s employment as superintendent of building, the consequence of which was the payment of the percentages of cost. We are of the further opinion that by this illegal and unauthorized arrangement petitioner And Smith connived at the defrauding of the university. The payments received by petitioner pursuant to the arrangement are not those of an employee of the state. They were not part of the salary -paid petitioner as an employee of the state. We, therefore, sustain respondent in full as to all of the deficiencies.
We likewise sustain the respondent in his finding of fraud. Manasse Karger, 38 B. T. A. 209, dismissed without opinion, C. C. A., 5th Cir., May 19, 1939. The proof shows that petitioner George Caldwell was indicted in the United States District Court for the Eastern District of Louisiana on charges of fraudulent evasion of income taxes, the same being the identical taxes and for the same amounts and years as appear in the notice of deficiencies. The record also shows that petitioner pleaded guilty to all four counts of the Indictment a’nd was sentenced to a fine and imprisonment and is now incarcerated in a Federal prison. As held by the Board in Thomas J. McLaughlin, 29 B. T. A. 247, this plea of guilty was an admission against interest subject to the taxpayer’s right to explain the same or otherwise lessen its. weight. Here no explanation was attempted and there is no other evidence to lessen the weight normally to be given such a fact. It is sufficient to sustain the charge of fraud. Moreover, the record contains other clear and convincing evidence supporting the conclusion that petitioner was guilty of fraud. The fraud penalties determined against petitioner George Caldwell are approved.

Decisions will be entered for the respondent.